IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**PETER MONTGOMERY,**

  **Plaintiff,**

v.                 No. 2:24-cv-0919 DLM/GJF

**JUBEL PATTERSON, ALBERTSON'S
LLC, d/b/a ALBERTSONS MARKET,
and UNITED SUPERMARKETS, LLC,**

  **Defendants.**

## MEMORANDUM OPINION AND ORDER

  THIS MATTER is before the Court on two issues: Defendants' Notice of Removal and Defendants' Motion to Strike. (Docs. 1; 12.) Plaintiff Peter Montgomery filed suit in New Mexico state court, and Defendants removed the matter to this Court. Defendants cite diversity jurisdiction as the basis for removal, but they fail to properly allege facts necessary to establish diversity jurisdiction. As discussed below, the Court directs Defendants to file an Amended Notice of Removal.

  Eighteen days after Defendants filed their Answer in this Court, Plaintiff filed a demand for trial by jury. Defendants move to strike the demand as untimely. The Court construes Plaintiff's demand as a motion brought under Federal Rule of Civil Procedure 39(b). For the reasons discussed in this Opinion, the Court grants Plaintiff's motion for a jury trial and denies Defendants' motion to strike.

**I.**  **Factual and Procedural Background**

  This is a slip and fall case. (*See* Doc. 1-A.) Plaintiff filed his original Complaint for Damages in the Fifth Judicial District Court (Lea County) on July 23, 2024. (*See id.*) Defendants

removed the matter to this Court on September 16, 2024, and filed their Answer on September 30, 2024. (Docs. 1; 4.)

On November 1, 2024, Plaintiff filed a demand for trial by jury. (Doc. 9.) On November 12, 2024, Defendants filed a motion to strike the jury demand on the basis of untimeliness. (Doc. 12.) Plaintiff responded on November 22, 2024 (Doc. 17), and the Court heard from counsel at the Trial Scheduling Conference (*see* Doc. 18.)

**II.    Defendants shall amend the notice of removal.**

Defendants removed this action to federal court on September 16, 2024, citing diversity jurisdiction. (Doc. 1 at 1.) "Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). Having considered the Notice of Removal and the applicable law, the Court finds that the Notice fails to allege facts necessary to establish diversity jurisdiction.

Federal "district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). "When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant . . . may remove the action to federal court . . . ." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1076 (10th Cir. 1999) (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). The defendant, as the removing party, "bear[s] the burden of establishing jurisdiction by a preponderance of the evidence." *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th

Cir. 2013) (citation omitted).

Here, the Notice of Removal states that "Albertsons, Inc., incorrectly named Albertson's LLC, d/b/a Albertson's Markets, is an Ohio Corporation . . . ." (Doc. 1 at 2 ¶ 3.) A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *See* 28 U.S.C. § 1332(c). Federal Rule of Civil Procedure 7.1(a)(2) requires that when a lawsuit is removed to a federal district court based on diversity, "a party or intervenor must, unless the court orders otherwise, file a disclosure statement" that names and identifies "the citizenship of every individual or entity whose citizenship is attributed to that party or intervenor." Fed. R. Civ. P. 7.1(a)(2) (hyphen omitted). Because Defendants do not specifically identify Albertsons' state of incorporation and principal place of business, nor have Defendants filed disclosure statements, the Court is unable to determine Albertsons' citizenship.

The Notice of Removal further states that Defendant United Supermarkets, LLC is "formed under the laws of Texas" and "[n]o member . . . is a resident of New Mexico." (Doc. 1 at 3 ¶ 3.) Thus, Defendants conclude, United Supermarkets LLC "is not a citizen of New Mexico." (*Id.*) As Plaintiff is a citizen of California, the fact that any Defendant is not a citizen of New Mexico makes no difference. Regardless, "[a]llegations supporting diversity jurisdiction must be pleaded affirmatively." *See Okland Oil Co. v. Knight*, 92 F. App'x 589, 608 (10th Cir. 2003); *Safeway Stores 46 Inc. v. WY Plaza LC*, No. 20-8064, 2021 WL 5343964, at *1 (10th Cir. Oct. 28, 2021) (remanding case to district court where parties failed to identify LLC members and thus "lack[ed] the information necessary for [the court] to ascertain whether complete diversity exists"); *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (5th Cir. 2009) ("When diversity jurisdiction is invoked in a case in which a[n LLC] is a party, the court needs to know the citizenship of each

3

member of the company."). As Defendants have not affirmatively stated the name and citizenship of each member of the LLC, the Court is unable to determine United Supermarkets, LLC's membership.

The Court will allow Defendants the opportunity to remedy these defects. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *De La Rosa v. Reliable, Inc.*, 113 F. Supp. 3d 1135, 1157 (D.N.M. 2015) (noting that "[t]he Tenth Circuit has allowed defendants to remedy defects in their petition or notice of removal") (gathering cases). Defendants shall file corporate disclosure statements as appropriate no later than seven days from entry of this Opinion. Defendants shall also file an amended Notice of Removal to properly allege facts sufficient to establish diversity jurisdiction, if such allegations can be made in compliance with the dictates of Federal Rule of Civil Procedure 11, no later than seven days from entry of this Opinion.

**III.    The Court will grant Plaintiff's motion for jury trial and deny Defendants' Motion to Strike Jury Demand.**

Federal Rule of Civil Procedure 38(b) provides: "a party may demand a jury trial by: (1) serving the other parties with a written demand – which may be included in a pleading – no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d)." Because Defendants filed their answer on September 30, 2024, the deadline for Plaintiff to file a jury demand was October 14, 2024. (*See* Doc. 12 at 1; *see also* Doc. 4 (Answer).) As the jury demand was filed 18 days after the deadline, Defendants argue that Plaintiff waived his right to a jury and ask the Court to strike the demand. (Doc. 12.)

Plaintiff asks the Court to deny the motion "[g]iven the significant importance of the right

4

to a jury trial, and the short amount of time by which [he] missed the deadline . . . ." (Doc. 17 at 1.) Plaintiff explains that the "delay was due to an inadvertent mistake on Plaintiff's counsel's part, as it was believed that the demand had already been filed." (*Id.* at 2.)

Plaintiff states that "under Rule 39(b), courts may 'order a jury trial on any issue for which a jury might have been demanded.'" (*Id.* (quoting Fed. R. Civ. P. 39(b)).) In *Paramount Pictures Corp. v. Thompson Theatres, Inc.*, the Tenth Circuit found that when a party waives their right to a jury trial by failing to make a timely demand, "[t]he trial court . . . has the discretion, upon motion, to order trial by jury." 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 39(b)). "That discretion is broad, and the court's exercise, either to grant or to deny a jury trial, is reversible only if it appears from all of the facts and circumstances that the court abused its discretion." *Id.* (citations omitted).

In *Blanks v. Hypower, Inc.*, the plaintiff filed a request for a jury approximately one month after the Rule 38 deadline passed, and the court noted that "district courts within the Tenth Circuit routinely grant untimely jury demands absent strong and compelling reasons for denying such a motion." No. 12-cv-0440 JCH/ACT, 2012 WL13076177, at *3 (D.N.M. Sept. 17, 2012) (gathering cases). The "[p]laintiff admit[ted] that the jury demand was untimely because of his counsel's inadvertence." *Id.* Noting that "the [d]efendant has not presented any strong or compelling reason for not granting [p]laintiff leave to file an untimely jury demand" or demonstrated that "it would be prejudiced by allowing [p]laintiff to file a late jury demand[,]" the Court granted the plaintiff's request. *See id.*; *see also Nissan Motor Corp. in U.S.A. v. Burciaga*, 982 F.2d 408, 409 (10th Cir. 1992) ("absent strong and compelling reasons to the contrary, a district court should exercise its discretion under Rule 39(b) and grant a jury trial") (citation omitted); *Pruess v. Presbyterian Health Plan, Inc.*, No. 1:19-cv-0629 DHU/JFR, 2024 WL 1329434, at *2 (D.N.M. Mar. 28, 2024)

5

(granting a late motion for jury trial filed "nearly four years after the" lawsuit began).

Here, Defendants fail to demonstrate a "strong or compelling reason" to deny Plaintiff's late request, nor do they argue that they will be prejudiced by the late demand. Accordingly, the Court will construe Plaintiff's notice as a motion for a jury trial under Rule 39(b) and grant the motion. The Court denies Defendants' motion to strike.

**IT IS THEREFORE ORDERED** that Defendants shall file corporate disclosure statements and an amended Notice of Removal to properly allege facts sufficient to establish diversity jurisdiction, if such allegations can be made in compliance with the dictates of Federal Rule of Civil Procedure 11, no later than **seven days** after entry of this Opinion.

**IT IS FURTHER ORDERED** that if Defendants fail to comply with this order, the Court may remand this action back to state district court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a jury trial (Doc. 9) is **GRANTED** and Defendants' Motion to Strike (Doc. 12) is **DENIED**.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*